**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GAYLORD L. PLANTS, JR., Individually and
as the Administrator of the Estate of BETTY
JOAN PLANTS, Deceased,

      Plaintiff,

    vs.                             Civil Action No.:

WASHINGTON COUNTY, PENNSYLVANIA

      Defendant.

## COMPLAINT

AND NOW, comes Plaintiff Gaylord L. Plants, Jr., Individually and as the Administrator of the Estate of Betty Joan Plants, Deceased, by and through his undersigned counsel, and files this Complaint for Defendant's violation of duties imposed upon it under the Omnibus Budget Reconciliation Act of 1987 ("OBRA"); the Federal Nursing Home Reform Act ("FNHRA"); 42 U.S.C. §1396r, *et al.*; the implementing regulations found at 42 C.F.R. §483, *et al.*; and for violations of the Constitution of the United States of America under Amendment Fourteen, enforceable under 42 U.S.C. §1983, against Defendant Washington County, Pennsylvania.

## NATURE OF ACTION

1.      This is a proceeding under 42 U.S.C. §1983 to remedy deprivations of rights under the Omnibus Budget Reconciliation Act of 1987; the Federal Nursing Home Reform Act; the Federal Nursing Home Regulations as found at 42 C.F.R. §483; and the Constitution of the United States of America.

## JURISDICTION and VENUE

2.      As the instant case presents issues of federal law, jurisdiction is proper in this forum as a federal question, pursuant to 28 U.S.C §1331.

3.      Venue lies within this judicial district, since all of the actions complained of herein occurred within the Western District of Pennsylvania.

## PARTIES

4.      Plaintiff Gaylord L. Plants, Jr., is the Administrator of the Estate of Betty Joan Plants, and is an adult individual with an address of 432 Vance Station Road, Washington, Washington County, Pennsylvania 15301.

5.      Plaintiff's Decedent Betty Joan Plants was Gaylord L. Plants, Jr.'s mother.

6.      Plaintiff was appointed Administrator of the Estate of Decedent Betty Joan Plants, on May 18, 2016 by the Register of Wills of Washington County, Pennsylvania.  A copy of the Short Certificate is attached as Exhibit "1".

7.      Plaintiff brings this action as the personal representative of Decedent Betty Joan Plants on his own behalf and on behalf of all those entitled by law to recover damages for the wrongful death of Betty Joan Plants.

8.      The names and addresses of all persons legally entitled to recover wrongful death damages for the death of Decedent and their relationship to Plaintiff's Decedent Betty Joan Plants are as follows:

| Name: | Address: | Relationship: |
|---|---|---|
| Gaylord L. Plants, Jr. | 432 Vance Station Rd<br>Washington, PA  15301 | Son |

9.      Defendant Washington County, Pennsylvania, is a governmental agency, with its governmental offices located at 100 West Beau Street, Washington, Washington County, Pennsylvania 15301.

10.      Defendant Washington County, Pennsylvania, as a governmental agency, at all times relevant hereto, was acting under the color of state law.

11.      Defendant Washington County, Pennsylvania owns and operates Washington County Health Center (hereinafter the "Health Center"), which is a facility located at 36 Old Hickory Ridge Road, Washington, Washington County, Pennsylvania 15301.

12.      Because the Health Center is owned and operated by Defendant Washington County, Pennsylvania, Defendant is the proper party Defendant to this matter.

13.      At all times relevant hereto, Defendant Health Center operated as a "long term care nursing facility" as that term is defined in 35 P.S. §448.802a.  Accordingly, Defendant Health Center is a "licensed professional" as that term is defined in 40 P.S. 1303.503.

14.      At all times relevant hereto, Defendant Health Center operated as a "skilled nursing facility" as that term is defined at 42 U.S.C. §1395i-3.

15.      At all times relevant hereto, Defendant Health Center was acting under the control of Washington County, Pennsylvania, and by and through their authorized agents, servants and employees then and there acting within the course and scope of their employment.

16.      At no time during her life did Plaintiff's Decedent bring an action to recover damages for her personal injuries, and no other accident has been filed to recover damages for the wrongful death of Betty Joan Plants.

17.      At all times relevant hereto, Plaintiff's Decedent Betty Joan Plants was a recipient

of Medicare benefits pursuant to 42 U.S.C.A. §1396, *et seq*.

## STATEMENT OF CLAIMS

18.     On November 25, 2015, 81 year-old Betty Joan Plants presented to the emergency department at Washington Hospital with chest pain.

19.     Ms. Plants suffered an anterior wall myocardial infarction, and was admitted for care.

20.     During her admission, Washington Hospital staff discovered that Ms. Plants suffered from a left lower extremity DVT.

21.     Hematology was consulted and opined that Ms. Plants was significantly debilitated, and that she would require physical therapy to achieve independence in her activities of daily living.

22.     On December 8, 2015, Ms. Plants was discharged from Washington Hospital and admitted to the Health Center for post-heart attack rehabilitation.

23.     Upon admission, Ms. Plants was taking several medications, including Lasix, Insulin, Isosorbide, Nortriptyline, and Carvedilol.

24.     A week after her admission, Health Center staff noted that Ms. Plants was debilitated.

25.     Physical therapy noted that Ms. Plants was able to ambulate 20 feet with a wheeled walker and contact guard assistance.

26.     On December 15, 2015, Ms. Plants' physician noted that, given her medical co-morbidities, Ms. Plants' rehabilitation program would require an interdisciplinary approach to

improve her overall functional status and to achieve her maximum recovery.

27.     On December 22, 2015, a CNA found Ms. Plants on the floor of her bedroom around 4:18 a.m.

28.     Ms. Plants stated that she fell and landed on her knees and right elbow, but denied hitting her head.

29.     Health Center staff noted bruising on Ms. Plants' knees and elbows.

30.     Ms. Plants also developed severe swelling in her elbow.

31.     Health Center staff educated Ms. Plants on utilizing the staff with transfers, and oriented her to the call bell system.

32.     Only after her first fall did Health Care staff order a bed alarm for Ms. Plants.

33.     The alarm was to be changed every 30 days on the 22nd of each month, or as needed.

34.     Despite her fall, Ms. Plants' goal remained discharge back to her home.

35.     After her fall, physical therapy noted that Ms. Plants required minimal assistance from sitting to standing and bed mobility, and that she was able to walk 25 feet with a walker and contact guard assistance.

36.     On December 23, 2015, an x-ray was performed, which revealed no fractures in Ms. Plants' right hip and pelvis.

37.     On December 29, 2015, physical therapy noted that Ms. Plants' groin pain and dizziness were affecting her ability to ambulate and that her blood pressure medications were being adjusted related to her decreased blood pressure.

38.     Further, occupational therapy noted that Ms. Plants required moderate assistance

5

for her activities of daily living and minimal assistance to the toilet.

39.     On December 30, 2015, Ms. Plants was sent to Washington Hospital for evaluation and treatment of hypotension due to her symptoms of dizziness, lightheadedness, and irregular heartbeat.

40.     Ms. Plants was diagnosed with a urinary tract infection and was discharged back to the Health Center on antibiotics.

41.     On January 8, 2016, physiatrists noted that Ms. Plants required physical therapy, occupational therapy, and speech therapy for her short-term memory stage.

42.     However, Ms. Plants continued to work towards her goal of being discharged home.

43.     On January 16, 2016, Ms. Plants was noted to be suffering from consistent incontinence issues, informing Health Center staff that "it comes on fast".

44.     At that time, Health Center staff also noted that Ms. Plants was unsteady, suffering from balance issues, weakness, and that she required an assist of one to transfer from either her wheeled walker or wheelchair.

45.     On January 24, 2016, Ms. Plants was prescribed Ativan upon learning that her husband passed away.

46.     On January 26, 2016, Health Center staff noted that Ms. Plants was tearful, unsteady, and weak.

47.     However, she was able to attend her husband's funeral with her son.

48.     On January 29, 2016, Health Center staff noted that Ms. Plants was suffering from balance difficulties and unsteadiness.

49.     On February 22, 2016, without explanation, Ms. Plants' bed alarms were discontinued without any documentation to support that she was no longer at a risk for falling.

50.     Additionally, at 8:00 p.m., Ms. Plants was given the psychoactive medication Hydrocodone.

51.     On February 23, 2016, an interdisciplinary progress note indicated that Ms. Plants was at risk for falls, was hard of hearing, and had balance issues.

52.     On the morning of February 23, 2016, mere hours after her bed alarms were discontinued, Ms. Plants got out of bed and attempted to ambulate to the bathroom.

53.     Ms. Plants' roommate yelled out "Betty fell", and a CNA presented to their room to address this situation.

54.     Apparently, Ms. Plants had put on her roommate's slippers, confusing them for her own, and fell face forward to the floor in the bathroom doorway.

55.     Health Center staff found Ms. Plants on the floor.

56.     Eventually, Health Center staff were able to pick Ms. Plants up, place her on the toilet, and transfer her back to bed in her wheelchair.

57.     Ms. Plants complained of a headache at the site of a hematoma forming on her forehead.

58.     Ms. Plants was given an icepack for her head and Tylenol for pain.

59.     Dr. Folb was called and provided orders for Ms. Plants to wear slipper socks when not wearing regular shoes.

60.     Health Center staff called emergency medical services, and Ms. Plants was transferred to Washington Hospital.

61.     Upon admission to Washington Hospital, it was noted that Ms. Plants was found face down on the bathroom floor.

62.     It was unknown whether Ms. Plants lost consciousness; however, Washington Hospital staff noted hematomas on Ms. Plants' forehead and elbows.

63.     A CT scan was performed of Ms. Plants' brain, which revealed the presence of a subarachnoid hemorrhage.

64.     Ms. Plants was given 10 mg of IV Vitamin K to reverse her Coumadin and arrangements were made for Ms. Plants' transfer to Allegheny General Hospital (hereinafter "AGH").

65.     Upon arrival to AGH, it was noted that Ms. Plants arrived as a Level Two trauma activation.

66.     Ms. Plants did not recall the events surrounding her fall.

67.     AGH staff started Ms. Plants on Keppra for seizure prophylaxis.

68.     Ms. Plants was admitted to the Trauma ICU where her Coumadin was reversed.

69.     Palliative care was consulted and a DNR was implemented.

70.     On March 1, 2016, Ms. Plants was deemed stable for discharge.

71.     Ms. Plants was transferred to Presbyterian Senior Care for the final days of her life.

72.     On March 12, 2016, Ms. Plants died.

73.     An autopsy was performed, which attributed Ms. Plants' death to acute pneumonia and blunt force trauma to the head and neck.

74.     The coroner noted "history of a fall at Washington County Health Center in the

bathroom on February 23, 2016 and hospitalized at AGH."

75.     The coroner noted Ms. Plants' subarachnoid bleed in her right cerebral hemisphere.

76.     Ms. Plants' death certificate lists the only significant condition contributing to her death as blunt force trauma of the head.

77.     Her manner of death is listed as accidental and the result of a fall suffered at the Health Center.

## COUNT I

## DEPRIVATION OF CIVIL RIGHTS ENFORCEABLE VIA 42 U.S.C. §1983

## SURVIVAL

78.     All of the proceeding paragraphs of the within Complaint are incorporated herein as if set forth more fully at length.

79.     At all times relevant to this Complaint, Defendant Health Center was acting under the color of state law.

80.     Defendant is bound generally by the 1987 Omnibus Budget Reconciliation Act (OBRA) and the Federal Nursing Home Reform Act (FNHRA) which was contained within the 1987 OBRA. *See:* 42 U.S.C. §1396r. Defendant is also bound generally by the OBRA/FNHRA implementing regulations found at 42 C.F.R. §483, *et seq.*, which served to define specific statutory rights set forth in the above mentioned statutes.

81.     The specific detailed regulatory provisions, as well as the statutes in question, create rights which are enforceable pursuant to 42 U.S.C. §1983, as the language of these regulations and statutory provisions clearly and unambiguously creates those rights.

82.     Defendant, in derogation of the above statutes and regulations, and as a custom and policy, failed to comply with the aforementioned regulations as follows:

     a.     By failing, as a custom and policy, to develop and implement written Policies and Procedures that prohibited the mistreatment, deliberate indifference and abuse of residents such as Betty Joan Plants, as required by 42 C.F.R. §483.13 and 42 U.S.C. §1396r(b)(1)(A);

     b.     By failing, as a custom and policy, to care for patients, including Betty Joan Plants, in a manner that promoted maintenance or enhancement of her life, as required by 42 C.F.R. §483.15 and 42 U.S.C. §1396r(b)(1)(A);

     c.     By failing, as a custom and policy, to promote the care of patients, including Betty Joan Plants, in a manner and in an environment that maintained or enhanced her dignity as required by 42 C.F.R. §483.15 and 42 U.S.C. §1396r(b)(1)(A);

     d.     By failing, as a custom and policy, to develop a comprehensive Care Plan for patients, including Betty Joan Plants , as required by 42 C.F.R. §483.20 and 42 U.S.C. §1396r(b)(2)(A);

     e.     By failing, as a custom and policy, to provide patients, including Betty Joan Plants, the necessary care and services to allow her to attain or maintain the highest, practicable, physical, mental and psychosocial well-being, as required by 42 C.F.R. §483.25 and 42 U.S.C. §1396r(b)(3)(A);

     f.     By failing, as a  custom and policy, to periodically review and revise a patient's or resident's written Plan of Care by an interdisciplinary team after each of the resident's or patient's assessments as described within 42 U.S.C. §1396r(b)(3)(A) and as required by §1396r(b)(2)(C);

g.      By failing, as a custom and policy, to conduct an assessment of a patient or resident, such as Betty Joan Plants, as per 42 U.S.C. §1396r(b)(3)(A), promptly after a significant change in the resident's physical or mental condition, as required by 42 U.S.C. §1396r(b)(3)(C)(i)(ii);

h.      By failing, as a custom and policy, to use the results of the assessments required as described above in developing, reviewing and revising the resident's Plan of Care, specifically Betty Joan Plants' Plan of Care, as required by 42 U.S.C. §1396r(b)(3)(D);

i.      By failing, as a custom and policy, to ensure that patients or residents including Betty Joan Plants, were provided medically related social services to attain or maintain the highest practicable physical, mental and psychosocial well-being as required by 42 C.F.R. §483.25 and 42 U.S.C. §1396r(b)(4)(ii);

j.      By failing, as a custom and policy, to ensure that an ongoing program, directed by a qualified professional, of activities designed to meet the interests and the physical, mental and psychosocial well-being of each resident or patient including Betty Joan Plants, as required by 42 C.F.R. §483.25 and 42 U.S.C. §1396r(b)(4)(A)(v);

k.      By failing, as a custom and policy, to ensure that the personnel responsible for the care of patients were properly certified and/or re-certified as being qualified to perform necessary nursing services as required by 42 U.S.C. §1396r(b)(4)(B);

l.      By failing, as a custom and policy, to provide sufficient nursing staff to provide nursing and related services that would allow patients or residents, including Betty Joan Plants, to attain or maintain the highest practicable, physical, mental and psychosocial well-being, as required by 42 C.F.R. §483.30 and 42 U.S.C. §1396r(b)(4)(C);

m.     By failing, as a custom and policy, to maintain clinical records on all residents, including Betty Joan Plants, including but not limited to the Plans of Care and resident's assessment, as required by 42 U.S.C. §1396r(b)(6)(C);

n.    By failing, as a custom and policy, to ensure that the Health Center facility was administrated in a manner that enabled it to use its resources effectively and efficiently to allow patients or residents, including Betty Joan Plants, to maintain or attain their highest practicable level of physical, mental and psychosocial well-being as required by 42 C.F.R. §483.75, 42 U.S.C. §1396r(d)(A) and 42 U.S.C. §1396r(d)(1)(C);

o.    By failing, as a custom and policy, to ensure that the administrator of Defendant Health Center met the standards established under 42 U.S.C. §1396r(f)(4) as required by 42 U.S.C. §1396r(d)(1)(C);

p.    By failing, as a custom and policy, to ensure that Defendant Health Center was complying with federal, state, local laws, and accepted professional standards which apply to professionals providing services to residents, including Betty Joan Plants, and in operating such a facility as Defendant Health   Center, as required by 42 U.S.C. §1396(d)(4)(A); and,

q.    By failing, as a custom and policy to ensure that Defendant Health Center's administrator and director of nursing properly monitored and supervised subordinate staff thereby failing to ensure the health and safety of residents or patients, including Betty Joan Plants, in derogation of 42 C.F.R. §483.75 and 42 U.S.C. §1396(a)(1)(A).

83.    As a proximate result of Defendant's actionable derogation of its regulatory and statutory responsibilities as above-described, Plaintiff's Decedent was injured as previously referenced, and suffered pain, distress, surgery, additional hospitalization and death as a result of Defendant Health Center's poor care and treatment, which allowed her to suffer harm as described herein. As such, Plaintiff has suffered, and is entitled to recover the following damages, as well as an award of reasonable counsel fees, pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988:

      a.      Pain, suffering, inconvenience, anxiety and nervousness of the Plaintiff's Decedent until the time of her death;

      b.      Hospital, medical, surgical and nursing expenses incurred on Plaintiff's Decedent's behalf;

      c.      Other losses and damages permitted by law; and,

      d.      Any other damages as the Court sees fit to award.

WHEREFORE, Plaintiff Gaylord L. Plants, Jr., as Administrator of the Estate of Betty Joan Plants, Deceased, demands compensatory and consequential damages from Defendant Washington County, Pennsylvania in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit and attorneys' fees.

## COUNT II

## DEPRIVATION OF CIVIL RIGHTS ENFORCEABLE VIA 42 U.S.C. §1983

## WRONGFUL DEATH

84.     All preceding paragraphs of the within Complaint are incorporated herein as if set forth more fully at length.

85.     As a proximate result of Defendant's actionable derogation of its regulatory and statutory responsibilities as above-described, Plaintiff's Decedent was injured as previously referenced, and suffered pain, distress and death as a result of the poor care and treatment she received.

86.     As such, Plaintiff has suffered, and is entitled to recover the following damages, as well as an award of reasonable counsel fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988:

      a.      Money for funeral and estate expenses incurred because of the death of Betty Joan Plants;

      b.      Damages for the lost services, assistance, guidance, counseling, and companionship of Betty Joan Plants;

      c.      Financial support and all pecuniary benefits which would have been received from the Decedent;

      d.      The expenses of administration; and,

      e.      Other losses and damages permitted by law.

WHEREFORE, Plaintiff Gaylord L. Plants, Jr., Individually and as Administrator of the Estate of Betty Joan Plants, Deceased, demands compensatory and consequential damages from Defendant Washington County, Pennsylvania in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE UNITED STATES OF AMERICA'S CONSTITUTION UNDER AMENDMENT FOURTEEN FOR INJURY TO HUMAN DIGNITY ENFORCEABLE VIA 42 U.S.C. §1983

### SURVIVAL

87.     All of the preceding paragraphs of the within Complaint are incorporated herein as if set forth more fully at length.

88.     During the residency of Betty Joan Plants, Defendant deliberately failed to properly care for her, causing her to suffer an injury to human dignity.

89.     Specifically, Defendant allowed Betty Joan Plants to remain in a state that was hazardous to her health and well-being.

90.    These violations interfere with Betty Joan Plants' rights under the Fourteenth Amendment to the United States of America's Constitution.

91.    During its treatment of Betty Joan Plants, Defendant acted pursuant to a state right or privilege.

92.    Defendant Health Center is a governmental agency and it has obtained significant aid from the state, and its actions are chargeable to the Commonwealth of Pennsylvania.

93.    While a patient at Defendant Health Center, Betty Joan Plants had a serious medical need, and the deliberate acts and omissions of the staff at Defendant Health Center indicated deliberate indifference to Ms. Plants' medical needs.

94.    Betty Joan Plants was dependent upon Defendant Health Center and its staff for a significant amount of her activities of daily living, nursing care, and treatment needs.

95.    Defendant and its staff were deliberately indifferent to Betty Joan Plants, because they knew that Ms. Plants faced a substantial risk of serious harm and they failed to take reasonable steps to avoid the harm.

96.    As a proximate result of Defendant's failure to act properly as above-described, Betty Joan Plants suffered an injury to human dignity as previously referenced and suffered pain, distress and death as a result of the poor care and treatment given to her, allowing her to develop the injuries and suffer death as referenced herein. As such, Plaintiff has suffered, and is entitled to recover for, the following damages:

   a.  Pain, suffering, inconvenience, anxiety and nervousness of the Plaintiff's Decedent until the time of her death;

   b.  Hospital, medical, surgical and nursing expenses incurred on Plaintiff's Decedent's behalf;

    c.     Attorney's fees and costs;

    d.     Other losses and damages permitted by law; and,

    e.     Any other damages as the Court sees fit to award.

WHEREFORE, Plaintiff Gaylord L. Plants, Jr., as Administrator of the Estate of Betty Joan Plants, Deceased, demands compensatory and consequential damages from Defendant Washington County, Pennsylvania in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit and attorneys' fees.

## COUNT IV

### VIOLATIONS OF THE UNITED STATES OF AMERICA'S CONSTITUTION UNDER AMENDMENT FOURTEEN FOR INJURY TO HUMAN DIGNITY ENFORCEABLE VIA 42 U.S.C. §1983

### WRONGFUL DEATH

97.    All preceding paragraphs of the within Complaint are incorporated herein as if set forth more fully at length.

98.    As a proximate result of Defendant's actionable derogation of its regulatory and statutory responsibilities as above-described, Plaintiff's Decedent was injured as previously described and suffered pain, distress and death as a result of the injuries to her human dignity.

99.    As such, Plaintiff has suffered, and is entitled to recover for, the following damages, as well as an award of reasonable counsel fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988:

    a.     Money for funeral and estate expenses incurred because of the death of Betty Joan Plants;

      b.        Damages for the lost services, assistance, guidance, counseling, and companionship of Betty Joan Plants;

      c.        Financial support and all pecuniary benefits which would have been received from the Decedent;

      d.        The expenses of administration; and,

      e.        Other losses and damages permitted by law.

WHEREFORE, Plaintiff Gaylord L. Plants, Jr., Individually and as Administrator of the Estate of Betty Joan Plants, Deceased, demands compensatory and consequential damages from Defendant Washington County, Pennsylvania in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit and attorneys' fees.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

By: /s/ Katelyn M. Dornburg
    KATELYN M. DORNBURG, ESQUIRE
    Pa. I.D. No.: 319093

By: /s/ Robert F. Daley
    ROBERT F. DALEY, ESQUIRE
    Pa. I.D. No.: 81992

    ROBERT PEIRCE & ASSOCIATES, P.C.
    Firm I.D. No.: 839
    2500 Gulf Tower
    707 Grant Street
    Pittsburgh, PA 15219
    (412) 281-7229
    kdornburg@peircelaw.com
    bdaley@peircelaw.com

    Counsel for Plaintiff